FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 4:24-cr-06029-MKD-1 |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE, DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE, AND IMPOSING ADDITIONAL PRETRIAL RELEASE CONDITION |
| v. | |
| RISLEY ROBERT BRADSHAW, | |
| Defendant. | |
| | **ECF Nos. 31, 32** |

On Tuesday, May 13, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 31) and related Motion to Expedite (ECF No. 32). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Brandon Pang represented the United States.

Defendant requests that the Court modify Special Condition Nos. 6, 7, and 10 to reduce GPS location monitoring and allow Defendant to access the internet on his Xbox and television. ECF No. 31. Specifically, Defendant requests that the Court replace home detention with a curfew and GPS monitoring with radio-frequency monitoring. *Id.* The United States Attorney's Office and the United States Probation/Pretrial Services Office both object to Defendant's request. *Id.*

ORDER - 1

1   However, Defendant's probation officer in the District of Idaho, where he is being
2   supervised, has no objection to Defendant's request. *Id.*

3   While Defendant has not faced any allegations of noncompliance since
4   being released to the community on pretrial release conditions on November 7,
5   2024, Defendant's underlying offenses and relatively short time on pretrial release
6   weigh against modification. Defendant is alleged to have received, possessed, and
7   distributed child pornography. ECF No. 1. This type of behavior is not only
8   difficult to monitor but also creates a serious risk of danger to children.

9   Further, Defendant has not been on supervision for a sufficient period of
10  time for this Court to feel comfortable relaxing Defendant's conditions. This Court
11  often analogizes release-condition modification with wearing a seatbelt. Just
12  because one has not crashed their car recently does not mean they no longer need
13  to wear a seatbelt. Here, Defendant has seemingly done well on supervision since
14  November 2024, but factors helping him succeed may very well be GPS location
15  monitoring and home detention. However, should Defendant succeed on
16  supervision for over one year, Defendant may renew his request to relax his GPS
17  monitoring conditions.

18  Additionally, at the hearing, Defendant requested that the Court modify
19  Defendant's release conditions to allow him to stay late at work as needed and to
20  allow his wife to use password-protected Wi-Fi in the home while Defendant is at

ORDER - 2

work. The United States did not object to Defendant's request to be allowed to work overtime, and the United States did not address Defendant's request to be allowed to have Wi-Fi in his home for his wife's use only. Defendant's supervising probation officer from the District of Idaho explained that she will be able to review all prior and current connections to the Wi-Fi router in Defendant's home, so long as Defendant gives her permission to do so.

United States Probation/Pretrial Services already has the authority pursuant to Defendant's release conditions to allow Defendant to stay late at work as needed and to allow Defendant's wife to use password-protected Wi-Fi in the home. Special Condition No. 7 (ECF No. 12) permits United States Probation/Pretrial Services to allow Defendant to leave his residence for employment purposes, and inherent in that authority is the probation officer's ability to alter Defendant's GPS monitoring schedule to reflect his employment needs, including building in extra time for last-minute overtime work. Additionally, Special Condition No. 10 (ECF No. 12) requires that Defendant obtain prior approval of his probation officer before possessing electronic media with internet access but allows other residents of Defendant's home to possess password-protected electronic media. Therefore, there is no release condition prohibiting Defendant's wife from using password-protected Wi-Fi that Defendant does not have access to. However, while there is no indication that Defendant would refuse to give his probation officer permission

to search the Wi-Fi router and other devices, the Court will impose a condition giving United States Probation/Pretrial Services the authority to search Defendant's devices due to the nature of his underlying offenses.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 32**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 31**) is **DENIED**.

3. Defendant shall abide by all previously imposed conditions of pretrial release.  Additionally, **Defendant shall abide by the following:**

**SPECIAL CONDITION OF RELEASE**

14. United States Probation/Pretrial Services is authorized to monitor Defendant's compliance with his release conditions by accessing and searching any electronic media or device possessed by Defendant.

**IT IS SO ORDERED.**

DATED May 14, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4